

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# USA v. Godson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3340

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Godson" (2008). *2008 Decisions.* Paper 300.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/300

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3340
_____

UNITED STATES OF AMERICA,

v.

ARTHUR B. GODSON IV,

Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 06-CR-206
District Judge: The Honorable Gustave Diamond

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 23, 2008

Before: RENDELL and SMITH, *Circuit Judges*,
and POLLAK, *District Judge*[*]

(Filed: October 30, 2008)
_____

OPINION
_____

---

[*]The Honorable Louis H. Pollak, Senior District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by designation.

SMITH, *Circuit Judge*.

In the early morning hours of August 14, 2004, appellant Arthur B. Godson, IV, drove a Ford Expedition alone down Freeport Road in Arnold, PA. He came across a DUI checkpoint and stopped. Godson's rear driver's side window was opened; his seat was reclined. A contact officer spoke to Godson through the opened window while two other officers looked inside. One of the officers looking into the vehicle saw a firearm lying in the third row of seats and shouted "gun." All officers immediately stepped back. The contact officer told Godson to exit the vehicle. Instead, Godson opened the door and ran. With the help of a canine unit, the officers apprehended Godson and placed him under arrest.

After the arrest, the police found numerous items, including approximately 3 grams of powdered cocaine in Godson's pockets, $2,248 on his person, an unregistered semi-automatic pistol on the backseat, a lit marijuana cigarette in the ashtray, and two bags containing 27.5 grams of powdered cocaine in the cupholders. That day, Godson, who had a number of prior drug-related felony convictions, was charged as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

On April 27, 2007, following a three-day trial, a jury convicted Godson. On May 3, 2007, Godson renewed a Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29. The District Court previously had denied the motion at the close of the Government's case and at the close of all evidence. On May 7, 2007, the District Court

2

did so once again. On August 2, 2007, the District Court sentenced Godson to 240 months imprisonment. Godson filed this timely appeal.[1]

Godson claims that his Rule 29 motion should have been granted because the evidence was insufficient to show constructive possession of the firearm. He also argues that the District Court erred in determining the appropriate Sentencing Guidelines range. Since we find Godson's Rule 29 motion was correctly denied and the Guidelines range adequately calculated, we will affirm the District Court's judgments.

Inasmuch as we write primarily for the parties, who are familiar with this case, we need not repeat at length the factual and procedural background.

First, the evidence can support a finding that Godson constructively possessed the firearm. Constructive possession requires 1) "dominion and control" over an object, and 2) knowledge of the object's existence. *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992). "Dominion and control" means "the ability to reduce an object to actual possession." *United States v. Martorano*, 709 F.2d 863, 869 (3d Cir. 1983).

---

[1] This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291. We have plenary review over the District Court's decision to deny the Rule 29 motion, but we must "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (internal quotations and citation omitted). Our review of the sentence that the District Court has imposed is for abuse of discretion. *See United States v. Hoffecker*, 530 F.3d 137, 196 (3d Cir. 2008). "[A] district court will be held to have abused its discretion if its decision was based on a clearly erroneous factual conclusion or an erroneous legal conclusion." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).

"Constructive possession may be proved by circumstantial evidence." *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008).

We recognize that mere proximity to the object "is insufficient to support a finding of possession." *United States v. Brown*, 3 F.3d 673, 680 (3d. Cir. 1993). Here, however, the Government has shown much more. Godson drove the vehicle by himself to the DUI checkpoint. Documents and testimony indicated that, even if he were not the vehicle's titled owner, Godson was at least its joint purchaser. The firearm was in plain view inside the vehicle's passenger compartment. Godson's seat was in a reclined position, increasing his proximity to the firearm. Godson ran from police after they asked him to step out of the vehicle. Taken together, there was sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that Godson constructively possessed the firearm. *See Iafelice*, 978 F.2d at 97 ("Ownership and operation of the car are highly relevant facts that could reasonably have been considered by a jury in evaluating his knowledge of, and dominion and control over, the drugs"); *see also United States v. Booker*, 436 F.3d 238, 242 (D.C. Cir. 2006) (identifying "evasive conduct" as a "plus factor" that could help establish constructive possession); *cf. United States v. Xavier*, 2 F.3d 1281, 1289–90 (3d Cir. 1993) ("[I]f the gun is in the passenger compartment, the gun is accessible and may be under the defendant's control."). As a result, the District Court correctly denied Godson's Rule 29 motion.

Second, Godson's Sentencing Guidelines challenge lacks merit. The District

4

Court applied Sentencing Guidelines § 2K2.1(b)(6) here.[2] The increase in Godson's base offense level was warranted if he possessed any firearm in connection with another felony offense. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(6). The semi-automatic pistol recovered from the vehicle clearly qualifies as a firearm. *See* U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.1 (2007) (incorporating 18 U.S.C. § 921(a)(3)'s definition of "firearm" as "any weapon . . . which will or is designed to . . . expel a projectile by action of an explosive"). Additionally, ample evidence supported a finding that Godson was in possession of the cocaine in the vehicle: the police discovered the cocaine in open cupholders next to the driver's seat where Godson sat, and there were no other passengers in the vehicle. Godson does not raise any other potential errors. Therefore, the District Court did not abuse its discretion in increasing Godson's base offense level pursuant to Sentencing Guidelines § 2K2.1(b)(6).

Since the evidence was sufficient to show that Godson had constructive possession of the firearm, and the District Court did not abuse its discretion at sentencing, we will affirm the District Court's decisions.

---

[2] At sentencing, defense counsel indicated that Godson's base offense level was increased pursuant to the Sentencing Guideline "involving the firearm in connection with . . . a felony offense," but mistakenly identified it as Sentencing Guideline § 2K2.1(b)(5). *See* J.A. at 9. The Presentence Investigation Report made the same error. We understand both to mean Sentencing Guideline § 2K2.1(b)(6).